267 N.J. Super. 600 (1993)
632 A.2d 539
IN THE MATTER OF DENIAL OF A PERMIT TO CARRY A HANDGUN BY LEON F. JOHNSON, PLAINTIFF-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 13, 1993.
Decided October 29, 1993.
Before Judges SKILLMAN, KESTIN and WEFING.
Waters, Sherman & Puma, attorneys for appellant (David J. Puma, on the letter brief).
Ronald A. Epstein, Salem County Prosecutor, attorney for respondent (Gregory G. Waterston, Assistant Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by KESTIN, J.A.D.
*601 Leon F. Johnson, the mayor of the City of Salem, appeals the denial of a handgun permit. Judge Farrell articulated his reasons for denying the permit in a letter decision dated November 13, 1992, noting that Mayor Johnson satisfied two of the three criteria required by statute, N.J.S.A. 2C:58-4d. He is a person of good character not subject to specific statutory disabilities and he is familiar with the safe handling and use of handguns. The permit was denied, however, because the applicant had failed to establish "that he has a justifiable need to carry a handgun." Id.
In the light of the standards established in In re Preis, 118 N.J. 564, 573 A.2d 148 (1990), and in Siccardi v. State, 59 N.J. 545, 284 A.2d 533 (1971), appellant argues that his statutorily decreed responsibilities as mayor establish the justifiable need to carry a handgun. See N.J.S.A. 40A:61-4. He places particular emphasis upon his status "as head of the police department," N.J.S.A. 40A:61-4f, and his duties to "maintain peace and good order and ... suppress all riots and tumultuous assemblies in the city," N.J.S.A. 40A:61-4e.
There is nothing inherent in a mayor's status as head of the police department that requires the incumbent to be armed. The responsibility established in the statute is one of supervision, not front line function. Similarly, the duties to maintain peace and good order and to suppress riots and tumultuous assemblies do not bespeak hands-on activities; rather, they require the mayor to use the powers of the executive to achieve the ends specified.
Accordingly, we view the reason for denial of the permit to have been valid. There is here no "urgent necessity for carrying [a gun] for self-protection." Siccardi v. State, supra, 59 N.J. at 557, 284 A.2d 533. Furthermore, there has been no particularized showing "(1) that the applicant, in the course of performing statutorily authorized duties, is subject to a substantial threat of serious bodily harm; and (2) that carrying a handgun is necessary *602 to reduce the threat of unjustifiable serious bodily harm to any person." In re Preis, supra, 118 N.J. at 576-77, 573 A.2d 148.
Affirmed.